UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN D. DELBERT, II, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ARNE DUNCAN, Secretary, : <br> U.S. Department of Education, *et al.*, : <br> : <br> Defendants. : <br> : | Civil Action No. 12-1024 (ESH) |

## MEMORANDUM OPINION

Plaintiff Kevin D. Delbert, II, who is proceeding *pro se*, filed the above-captioned case against Arne Duncan, Secretary of the United States Department of Education ("Federal Defendant"), and Deidre Burchette and Yolanda Mitchell, two employees of the District of Columbia's Department of Disability Services ("DDS") ("District Defendants"). This matter is before the Court on defendants' motions to dismiss the complaint for failure to state a claim. (District Defendants Mot. to Dismiss, Aug. 23, 2012 [ECF No. 11]; Federal Defendant's Mot. to Dismiss, Sept. 21, 2012 [ECF No. 17].) For the reasons stated herein, both motions will be granted and the case dismissed.

### BACKGROUND

Plaintiff is a white male resident of the District of Columbia and a former student of the Art Institute of Washington in Arlington, Virginia. (Compl. ¶ 1.) From January 2010 through March 2012, he received tuition subsidies and transit benefits through the District of Columbia's Vocational Rehabilitation Program ("VRP"), a program operated by DDS and funded by a grant

from the Department of Education. (Compl. ¶¶ 1, 10-11, 14; Pl.'s Opp. at 1.) Burchette and Mitchell were the DDS employees who supervised plaintiff. Disagreements arose between plaintiff and his supervisors as to the timing and use of transit benefits, plaintiff's course load, and payment of plaintiff's tuition. (*Id*. ¶¶ 9, 10, 1, 14.) For example, according to plaintiff, "[f]rom May 2009 through March 2011, the transit benefit (voucher) was either untimely or not processed at all," and, as a result, he was unable "to afford the cost of transit to academic site" which in turn "caused stress upon him" and adversely affected his academic performance. (*Id*. ¶ 10.) In addition, plaintiff alleges that his tuition was not paid (*see id.* ¶¶ 11, 17), and that he was accused of having used $1,280 "on other things when it should have been used for his transit benefit." (*Id*. ¶ 14.)[1] Generally, he alleges that over a two-year period, he was "subjected to continuous harassment" by his supervisors and a "hostile work environment." *Id.* ¶ 11.

On August 4, 2010, plaintiff filed complaints with the Department of Education's Office of Civil Rights about his "untimely transit benefits." (*Id*. ¶ 10; Pl. Opp. at 1.) After an investigation, the Department of Education issued a Final Agency Decision on March 21, 2011, finding no discrimination. (Pl. Opp. at 1.) On June 6, 2011, plaintiff filed another complaint with the Office of Civil Rights, "alleging the retaliation that took place after the formal investigation." (*Id*. at 2.) Plaintiff alleges that his complaints were either not properly processed or not properly investigated. (*Id*. ¶¶ 18, 19.)

Plaintiff's pending complaint claims that he was subject to "harassment," a "hostile work environment," and retaliation for engaging in protected activity, in violation of Title VI of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000d ("Title VI"), Title VII of the Civil

---

[1] Plaintiff concedes that he used the funds "for something else that he had to recover from" instead of using those funds "to cover his transportation to [the] school site." (Compl. ¶ 14.)

Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq*, ("Title VII") and Title IX of the Education Amendments of 1972, as amended, *see* 20 U.S.C. § 1681 ("Title IX") and deprived him of his substantive and procedural constitutional rights to due process in violation of 42 U.S.C. § 1983. Specifically, plaintiff purports to bring claims against Mitchell and Burchette under Title VII, alleging that these defendants harassed and retaliated against him for having filed complaints with the DOE's Office of Human Rights, *see* Compl. ¶¶ 21-23 (Count I), and that they subjected him to a hostile work environment, *see id.* ¶¶ 25-27 (Count II).  He also purports to bring civil rights claims against Mitchell and Burchette under 42 U.S.C. § 1983 for alleged violations of his right to due process.  *See* Compl. ¶¶ 33, 35 (Counts IV and V).  In addition, plaintiff claims that DDS discriminated against him on the basis of his sex, *see id.* ¶¶ 29-31 (Count III), in violation of Title IX, and on the basis of his race, color or national origin, *see* Compl. ¶¶ 37-38 (Count VI), in violation of Title VI.   Plaintiff demands a declaratory judgment, and compensatory and punitive damages.  Compl. at 8 (page number designated by ECF).

## DISCUSSION

**I.     Dismissal Under Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Plaintiff need only provide a "short and plain statement of [his] claim showing that [he is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim." *Woodruff v. DiMario*, 197 F.R.D. 191, 193 (D.D.C. 2000).  In considering such a motion, the "complaint is construed liberally in the plaintiffs' favor, and [the Court] grant[s] plaintiff[] the benefit of all

inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, "the [C]ourt need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly,* 550 U.S. at 556). "[A] complaint [alleging] facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson,* 551 U.S. at 94 (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79), by the defendants.

## II.     Title VII Claims (Counts I and II)

Generally, under Title VII, it is unlawful for an employer to discriminate against an employee or applicant for employment "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII's anti-retaliation provision makes it unlawful for an employer to discriminate against an employee or applicant for employment for

4

filing a complaint of discrimination. 42 U.S.C. § 2000e-3(a). The proper defendant to an action under Title VII is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c); *see, e.g., Smalls v. Emanuel*, 840 F. Supp. 2d 23, 26 n.1 (D.D.C. 2012) (substituting under Fed. R. Civ. P. 25(d) the director of the agency in which plaintiff formerly was employed in his official capacity as proper party defendant). The individual bringing the Title VII claim must be an employee of the defendant, *see* 42 U.S.C. § 2000e(f) ("The term 'employee' means an individual employed by an employer."), meaning that Title VII covers only "employees in a direct employment relationship" with the employer. *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979).

Nowhere in his complaint does plaintiff allege to have been an employee of either the Department of Education or DDS. Absent a direct employment relationship, plaintiff's Title VII claims against these agencies must fail. *See, e.g., Palmer v. Napolitano*, 867 F. Supp. 2d 120, 125 (D.D.C. 2012) (finding that employee of independent government contractor cannot bring Title VII action against federal government agency); *Cornish v. Dudas*, 715 F. Supp. 2d 56, 64 (D.D.C. 2010) (dismissing employment discrimination claims because plaintiff "failed to allege that he ever was employed by or sought employment with the defendants, or that he suffered any adverse employment action"). Plaintiff is no more successful in raising claims against his supervisors, defendants Burchette and Mitchell, as the parties responsible for the harassment and other harms he allegedly suffered. Individuals are not held liable under Title VII. *See, e.g., Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (holding that supervisory employee cannot be held liable in his individual capacity under Title VII); *Smith v. Janey*, 664 F. Supp. 2d 1, 8 (D.D.C. 2009) ("[T]here is no individual liability under Title VII, the ADEA or the ADA."), *aff'd sub nom. Smith v. Rhee*, No. 09-7100, 2010 WL 1633177 (D.C. Cir. Apr. 6, 2010) (per

curiam); *Hunt v. District of Columbia*, No. 02-7044, 2002 WL 1997987, at *1 (D.C. Cir. Aug. 29, 2002) (per curiam) (affirming dismissal of Title VII and ADA against a defendant sued in her individual capacity).

### III.   Due Process Claims (Counts IV and V)

Plaintiff alleges that defendants Burchette and Mitchell violated his "constitutionally protected substantive and procedural due process rights," Compl. ¶ 33; *see id.* ¶ 35, by retaliating against him for having pursued claims with the DOE's Office of Civil Rights.  For purposes of this discussion, the Court presumes that plaintiff has "a legitimate claim of entitlement to" the tuition and transit benefits he received through DDS.  *Town of Castle Rock v. Gonzales,* 545 U.S. 748, 756 (2005) (quoting *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972)).

To state a procedural due process claim, his complaint "must suggest 'what sort of process is due,'" *Elkins v. District of Columbia*, 690 F.3d 554, 561 (D.C. Cir. 2012) (quoting *Doe by Fein v. District of Columbia*, 93 F.3d 861, 869 (D.C. Cir. 1996)), yet plaintiff's complaint makes no such allegations.  He fares no better with respect to his substantive due process claim, which requires allegations that a "state actor was deliberately indifferent to his constitutional rights such that the conduct 'shocks the conscience.'" *Molina-Aviles v. District of Columbia*, 824 F. Supp. 2d 4, 9 (D.D.C. 2011) (quoting *Estate of Phillips v. District of Columbia*, 455 F.3d 297, 403 (D.C. Cir. 2006)).  Plaintiff's outrage notwithstanding, wholly absent from the complaint are factual allegations suggesting that "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998).

## IV. Title IX Claims (Count III)

The heading for Count III suggests a retaliation claim under Title IX, which generally provides that a person shall not be "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance" on the basis of his sex. 20 U.S.C. § 1681(a); *see Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 179-80 (holding that male teacher may pursue retaliation claim under Title IX). However, the text of Count III alleges that "the Agency took adverse actions and retaliated against [him] after he engaged in protected activity," presumably a reference to his complaints to the DOE's Office of Civil Rights," and thus "violated Title VII, 42 U.S.C. 2000e et seq." Compl. ¶ 29. He thus appears to limit his retaliation claim to one under Title VII, and this claim must fail absent allegations as to the existence of an employment relationship between plaintiff and DDS.[2] Even if plaintiff had intended to raise a retaliation claim under Title IX, it, too, would fail. "The threshold issue for any Title IX claim is whether there has been discrimination based on sex," *Armour v. Bd. of Educ. of Prince George's Cnty.*, No. 11-2855, 2012 WL 3257653, at *4 (D. Md. Aug. 6, 2012). Aside from plaintiff's mere mention of his sex, *see* Compl. ¶ 1, there are no factual allegations set forth in the complaint to suggest discrimination on this basis and, therefore, he is not able to sustain a claim of retaliation under Title IX. *Armour*, 2012 WL 3257653, at *4.

---

[2] There is no cause of action under Title IX against defendants Burchette and Mitchell in their individual capacities. "Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a), which may include nonpublic institutions, § 1681(c), but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009). Nor is there a cause of action under Title IX or Title VI against Secretary Duncan or the Department of Education. Instead, "individuals injured by discriminatory practices have, directly under the statute, an implied right of action against the discriminating institutions." *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 747 n.1 (D.C. Cir. 1990) (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688-89 (1979)).

## V. Title VI Claims (Count VI)

Generally, under Title VI, a person shall not "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" on the basis of his race, color, or national origin. 42 U.S.C. § 2000d. Wholly absent from plaintiff's complaint are any factual allegations linking between the adverse actions he allegedly suffered, the alleged protected activity in which he engaged, and plaintiff's race, color or national origin. It is not enough to merely mention that he is a white man, where such status has no apparent bearing on the events giving rise to his claims. *See Dasisa v. District of Columbia Housing Auth.*, No. 05-1398, 2006 WL 949927, at *1 (D.D.C. Apr. 12, 2006) (dismissing Title VI claim where plaintiff "has provided no facts that even suggest that the decision was based on his []race, color, or national origin"); *see also Yelder v. Gates*, No. 09-1301, 2010 WL 2521718, at *1 n.1 (D.D.C. June 22, 2010) (noting that plaintiff "states no facts germane to a Title VI claim" notwithstanding her allegation of race discrimination under Title VI). Furthermore, to the extent that he brings this Title VI claim against defendants Burchette and Mitchell in their individual capacities, the claim fails. There is no individual liability under Title VI. *See, e.g., Machie v. Nguyen*, 824 F. Supp. 2d 146, 151 (D.D.C. 2011); *Mwabira-Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 70 (D.D.C. 2010) (quoting *Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1169-70 (11th Cir. 2003)).

## CONCLUSION

Accordingly, defendants' motions to dismiss plaintiff's complaint for failure to state a claim will be granted. An Order accompanies this Memorandum Opinion.

                                                     /s/
                                     ELLEN SEGAL HUVELLE
Date: February 14, 2013                 United States District Judge